## OLIVER A. JEFFREYS *v.* T. KONNO AND YURIKO KONNO.

### No. 1247.

APPEAL FROM CIRCUIT JUDGE THIRD CIRCUIT.
HON. J. W. THOMPSON, JUDGE.

ARGUED APRIL 20, 1920.                    DECIDED MAY 11, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

OPINION OF THE COURT BY COKE, C. J.

This is a suit in equity to compel the specific performance of a contract. The respondents T. Konno and Yuriko Konno are husband and wife. The complainant Oliver A. Jeffreys was the owner of a four-acre tract of land known as the Goodhue lot in the district of North Kona, Hawaii. This lot is a portion of an 8 4/10 acre tract. It was the desire of the complainant to purchase the remaining portion of the property, to wit, 4 4/10 acres, as well as a lot containing 5 7/10 acres which

adjoined the 8 4/10 acre lot on the mauka side and lay between it and the government road. The property which complainant desired to acquire contained in all 10 1/10 acres of land. The property at the time was owned by the Lunalilo Estate but the respondent T. Konno held an option to purchase it from the owner. The complainant entered into negotiations with representatives of the Lunalilo Estate to acquire the property but in the mean time respondent Konno exercised his option to purchase, and became the owner, of the property. Complainant thereafter carried on his negotiations with Konno. The complainant in company with Konno, Wm. M. McQuaid and Mr. Muller, a surveyor, went upon the property, viewed it and traced the boundaries. A sketch or map thereof was made by Mr. Muller. Thereafter the respondent Konno transmitted to Jeffreys a letter, reading as follows:

"Holualoa in Kona, Hawaii, December 11, 1918.
"Dr. O. A. Jeffreys,
"Holualoa, Hawaii.
"Dear Sir:
"We are willing to let you have the piece of land as surveyed by Mr. Muller and inspected by you, Mr. McQuaid and myself on December 5, for the sum of $350. If this meets with your approval we would ask you to notify the Guardian Trust Co. to that effect and as soon as we have perfected our arrangements with them we will convey to you title to this piece of land.
"Yours very truly,
(Sgd) "Kona Development Company,
"By T. Konno."

Mr. Konno was the manager and Mr. McQuaid the assistant manager of the Kona Development Company. The company as a matter of fact was not interested in the property; it was owned personally by Mr. Konno. On December 24, 1918, Mr. McQuaid notified Jeffreys by

letter that the deed to the land which he was purchasing from Konno would be sent to him and directed him to transmit the purchase price, to wit, the sum of $350, to him or to Messrs. Castle & Withington, Konno's attorneys at Honolulu. The money was then sent to Mr. McQuaid and shortly thereafter a quitclaim deed was executed by Konno and his wife to the complainant and transmitted to complainant by mail. This deed quitclaimed unto Jeffreys, his heirs and assigns, the grantors' interest in a lot containing 8 40/100 acres, a part of which, as already mentioned, was at the time owned by complainant. The deed did not include the lot containing 5 7/10 acres adjoining the government road. The purpose of this suit is to compel a conveyance by a good and sufficient deed conveying a fee simple title in and to the 10 1/10 acres of land which was viewed by the parties, surveyed by Mr. Muller, and which, it is claimed by the complainant, was the property referred to in the letter of Mr. Konno dated December 11, 1918. The cause was tried before the circuit judge of the third judicial circuit sitting in equity and a decree was entered in accordance with the prayer of the bill of complaint. From the decree the respondents have perfected an appeal to this court.

The errors alleged by the respondents are:

"1st. McQuaid was the complainant's agent and he was bound by McQuaid's acts in accepting the deed for 4.4 acres.

"2d. It is grossly inequitable to compel the defendant to make a conveyance when an admitted mistake has been made and the defendant has offered to return the purchase money, and there is testimony that the land is worth $250 an acre.

"3d. There is error to enforce a contract between Jeffreys and the Kona Development Co., Ltd., when at

the time of the execution of the contract neither the Kona Development Co., Ltd., or Konno owned the land in controversy, and the contract was made under a mistake both as to person and land.

"4th.    The evidence of offers of compromise objected to by the defendants was inadmissible."

Jeffreys testified that he had a talk with McQuaid and asked him if he could set a price on the land, McQuaid replying that he could not do so until they had inspected the property.    Shortly thereafter Konno and McQuaid together with Jeffreys and Muller inspected the property and in a short time thereafter he received the letter from Konno offering to sell the property for $350. McQuaid says he drafted the letter.    Konno and McQuaid were associated in business together, the one as manager and the other as assistant manager of the Kona Development Company, Limited, and we think it was sufficiently established upon the trial that McQuaid was throughout the transaction acting for Konno and was not the agent of Jeffreys.

There is no merit in the second error alleged.    There is some evidence that the property is worth $250 an acre. There is other evidence that the property is worth only $35 per acre.    This being the state of the record there was clearly no showing of a grossly inadequate consideration.

The third error alleged is technical in the extreme. It is based upon the fact that the letter directed to Jeffreys was signed by the Kona Development Company, Limited, by T. Konno.    T. Konno owned the controlling interest in the Kona Development Company and was its general manager.    Their interests were so interwoven it is not surprising that there was a confusion in the use of their names in the correspondence which passed between the parties.    All doubt as to who was the real party making the offer of sale contained in the letter is cleared

away by the testimony of Mr. Konno in his statement on the witness stand to the effect that at the time he signed the letter he was busy with other matters and carelessly signed the letter in favor of the company but it was his personal dealings.

The fourth specification of error is equally without merit. While it is not made entirely clear we assume the objection is to the letters which passed between the parties after the deed was delivered to the complainant and which letters were introduced in evidence by complainant. Upon receipt of the deed complainant discovered that it only conveyed a portion of the property which Konno agreed to sell to him. He thereupon communicated with Konno calling his attention to the oversight and finally offered to arbitrate the matter. Konno replied by declining to settle by arbitration but signified his willingness to return the purchase money to complainant if a quitclaim deed to the property was made to him. These communications merely amount to a demand for a rectification of the deed on one side and a refusal to acquiesce therein on the other, thus laying the basis for these proceedings which were subsequently instituted by the complainant.

The respondent Konno offered in writing to sell to complainant 10 1/10 acres of land and this offer was in good faith accepted by complainant who paid to Konno the purchase price mentioned in the offer of sale. The delivery to complainant of a quitclaim deed to 4 1/10 acres fell far short of a compliance with the terms of the agreement. The complainant is entitled to a deed conveying a fee simple title in and to the 10 1/10 acre tract which is delineated on the Muller map.

The decree appealed from is affirmed.

*H. G. Middleditch* for complainant.

*A. Withington* (*Robertson, Castle & Olson* on the brief) for respondents.